**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DENIS FAKHURTDINOV, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

          Plaintiff,

-v-

ITG COMMUNICATIONS, LLC, DOMESTIC SUPPLY INC., and DANILA BARANNIKOV,

          Defendants.

---

Case No. 24-cv-01696 (DG)(SJB)

**DECLARATION OF**
**DANIEL BARANNIKOV**

I, Daniel Barannikov, declare under penalty of perjury that the foregoing is true and correct:

1. I am the individual defendant in the above-captioned matter and a shareholder of Defendant Domestic Supply Inc.

2. I have retained new counsel, Denis Vorontsov, Esq. of the Vorontsov Law Firm, PLLC, to represent me and my company in this action, in substitution of Steven Zuck, Esq.

3. This affidavit is submitted in support of the opposition to Plaintiff's and Defendant ITG's Motion to Enforce the terms of the alleged settlement agreement and in opposing to Plaintiff's motion for sanctions.

4. Initially, I asked Steven Zuck, Esq, to represent me and my company in connection with this lawsuit.

5. Mr. Zuck did not take a fee for his services (pro bono) and even though he primarily handles criminal and immigration matters, Mr. Zuck assured me that he could handle my case.

6. As a non-attorney, I did not fully comprehend the level of expertise required to manage this type of case. I have also never been in this type of lawsuit before or attended this type of

mediation. I did not believe that anything said at the mediation was binding until an agreement is signed and I was under the impression that we came there to negotiate.

7. At some point, I reviewed the Complaint with Mr. Zuck, denied the allegations, and provided him with supporting documents and evidence to support my position.

8. I assumed that Mr. Zuck would manage my case and file the necessary paperwork, including an Answer and Affirmative Defenses, to defend my interests in a timely manner.

9. I have difficulty understanding English and partially relied on Mr. Zuck's translations and explanations in reviewing the documents and during the mediation. There was no professional interpreter provided.

10. Although reluctant, I attended a settlement mediation in hopes of amicably resolving the dispute. At the mediation no settlement was reached, and I was under the impression that negotiations are still continuing and that I would have an opportunity to review the terms of the proposal after my lawyer receives a draft of the settlement agreement. I also believed that the mediation was not binding until I signed the agreement. At some point, I was also led to believe that the co-Defendant, ITG Communications, would be responsible for paying the settlement, and that my attorney was still negotiating with the other lawyers.

11. Shortly after the mediation, I lost confidence in Mr. Zuck's ability to follow my instructions and effectively advocate on my behalf. I also realized that he lacked the necessary experience with the Fair Labor Standards Act (FLSA) and related cases. As a result, I fired him and requested his assistance in finding a new lawyer and transferring the file.

12. In communications with my former attorney, I learned that ITG Communications prepared a settlement agreement, in which Domestic Supply was responsible for the payment, and it became clear that there had been a miscommunication, as Mr. Zuck had also told me that

Defendant ITG, rather than my company, Defendant Domestic Supply, was responsible for the payment.

13. I did not intend to agree to the proposed settlement agreement (according to the provided terms), and despite my objections, the settlement was presented to me without fully addressing my concerns. I was left out of emails and was never given a clear opportunity to provide informed consent. Furthermore, no settlement agreement was ever signed by me.

14. I was not provided with a full and clear explanation of the terms contained in the emails that include my former attorney. I was never Carbon Copied (CC'd) or provided with copies of the email correspondence between the lawyers. I believe I was not given an adequate opportunity to provide informed consent to any part of the settlement and at no point did I agree to the terms of the settlement as they are presented by the Plaintiff and the co-defendant.

15. I have recently learned that he failed to file a timely Answer, assert Affirmative Defenses, respond to the crossclaims from Defendant ITG or file a Motion to Dismiss this case.

16. While I do not wish to make any allegations regarding my former attorney's professionalism or ethical conduct, as I believe he acted in good faith, I have since realized that his practice exclusively focuses on criminal and immigration law, and he lacks the specialized experience required to handle this type of litigation. Specifically, he has no experience defending employers in wage and hour claims in Federal Court.

17. Throughout the duration of my representation by Mr. Zuck, I have faced significant difficulty communicating with his office regarding the facts, strategy and the status of the case, which contributed to the delay of finding a replacement lawyer.

18. In the limited communications that did take place, I expressed dissatisfaction with his representation and reiterated that I never authorized him to accept the terms of the settlement.

19. I respectfully request that the Plaintiff and Defendant ITG's Motion to Enforce the alleged Settlement Agreement be denied, along with Plaintiff's motion for Sanctions, and that my new attorney, be permitted to file an Answer and submit my defenses on behalf of myself and Domestic Supply.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2025

Daniel Barannikov

Daniel Barannikov (Jan 10, 2025 20:52 EST)

*Individually and On Behalf of Domestic Supply, Inc*