**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
DENIS FAKHURTDINOV, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                      Plaintiff,

    -v-

ITG COMMUNICATIONS, LLC, DOMESTIC SUPPLY INC., and DANILA BARANNIKOV,
                      Defendants.
-----------------------------------------------------------

Case No. 24-cv-01696 (DG)(SJB)

**DECLARATION OF DENIS VORONTSOV, ESQ**

I, **DENIS VORONTSOV**, an attorney duly admitted to practice in the Eastern District of New York, affirm under penalties of perjury as follows:

1. I am the principle attorney at the Vorontsov Law Firm, PLLC., counsel for Defendant Domestic Supply, Inc. (Defendant Domestic) and Defendant Danila Barannikov (Defendant Barannikov) (collectively the "Barannikov Defendants"), in the above-referenced action.

2. I submit this declaration in support of the Opposition to Plaintiff Denis Fakhurtdinov's ("Plaintiff") and Defendant/Cross-Claimant ITG Communications, LLC's, ("Defendant ITG") Motion to Enforce the Parties' alleged "Settlement Agreement," as well as Plaintiff's Motion for related Sanctions.

3. The undersigned filed a Notice of Appearance and a Notice of Consent to Change Attorneys via ECF on December 24, 2024, replacing the withdrawing Attorney, Steven Zuck, Esq. The Court granted the substitution on December 27, 2024.

4.	Upon reviewing the docket and all known filings, I discovered that the Barannikov Defendants had not filed an Answer or raised Affirmative Defenses, despite their express request to former counsel. The Barannikov Defendants had no intention of defaulting in this case and deny the allegations in both the Complaint and the Crossclaims.

5.	In communicating with former counsel, I learned that he is a solo practitioner who was admitted to the Eastern District of New York in May of 2024. His experience is His experience is limited to criminal and immigration law, with no prior exposure to the complexities of commercial litigation, FLSA claims, or employment law.

6.	The failure to file an Answer or raise Affirmative Defenses was the result of Mr. Zuck's inexperience rather than bad faith or any improper conduct aimed at harassment, delay, or gaining an unfair advantage. This assessment is also accurate with respect to Mr. Zuck's handling of the mediation negotiations and communications with opposing counsel with respect to settlement. The undersigned believes there was no bad faith, but rather a misunderstanding based on a lack of relevant experience.

7.	While Mr. Zuck intended to withdraw as counsel, he was unfamiliar with the process and, due to Defendant Domestic's corporate status, believed—correctly—that he was required to remain as counsel until the corporation obtained new representation and the Court approved the substitution.

8.	After reviewing the broken chain of emails purporting to constitute the settlement agreement, I identified significant defects;

   a. The October 2, 2024, email sent from Plaintiff (*Plaintiff's Ex. A*) is vague and ambiguous regarding which Defendant is responsible for the payment.

b. Defendant ITG's October 3, 2024, email (*Plaintiff's Ex. B*) was never acknowledged by former counsel for the Barannikov Defendants because it was left of the email chain.

c. The October 7, 2024, email from Mr. Zuck explicitly stated that it was responding *"on behalf of Defendant Domestic Supply"* (and not on behalf of both Barannikov Defendants).

9. Additional ambiguities in the purported agreement include provisions regarding payments (Sections 1(a)–1(c)), which are directed to Defendants' counsel's escrow account but fail to clarify whether the payments are to be made by Plaintiff or by one or more of the Defendants.

10. Plaintiff's attorney admitted to attempting to contact counsel for Defendant Domestic twelve (12) times regarding the status of a draft settlement agreement. Defendant Domestic's failure to respond, combined with the lack of movement in the pleadings, should have alerted Plaintiff and Defendant ITG that the Barannikov Defendants were not properly represented and had not demonstrated any intent to accept the proposed settlement terms.

11. Plaintiff's attorney admitted that he attempted to call and email counsel for Domestic Supply (12) times to inquire on the status of the draft settlement agreement and they did not respond to any of his meet-and-confer attempts, and along with the lack of movement in the pleadings, it should have been apparent that the Barannikov Defendants were not properly represented and did not express any intent of accepting the proposed terms of the settlement.

12. For the foregoing reasons, I respectfully request that the Court deny Plaintiff and Defendant ITG's motion to enforce the alleged Settlement Agreement, deny Plaintiff's motion for sanctions, and grant such other and further relief as the Court deems just and proper.

Dated: January 10, 2025
      Brooklyn, New York

                                        VORONTSOV LAW FIRM, PLLC.

                                        By: */s/Denis Vorontsov*
                                        Denis Vorontsov, Esq.
                                        dv@vlf.law
                                        1599 East 15th Street, 4th Floor.
                                        Brooklyn, NY 11230
                                        T: 212.295.5838
                                        F: 212.295.5839

                                        *Attorney for Defendants Domestic Supply, Inc and Danila Barannikov*

Cc: All Parties via ECF

4