UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DENIS FAKHURTDINOV, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                    Plaintiff,

-v-

ITG COMMUNICATIONS, LLC, DOMESTIC SUPPLY INC., and DANILA BARANNIKOV,

                    Defendants.

---

Case No. 24-cv-01696 (DG)(SJB)

**SUPPLEMENTAL DECLARATION OF DANIL BARANNIKOV**

---

I, Danil Barannikov, declare under penalty of perjury that the following is true and correct:

1. I am a named individual defendant in this action and the managing member of Domestic Supply Inc. I submit this supplemental declaration in opposition to Plaintiff's motion to enforce a purported settlement agreement and in support of my request that the Court deny the motion and allow this matter to proceed on a regular litigation track.

2. I have not been personally served with the Complaint in this case. I have not yet had an opportunity to file a formal Answer or a motion to dismiss. I have also not participated in discovery or been permitted to assert defenses prior to Plaintiff's filing of this motion.

3. To be clear: I never agreed to settle this case for any amount greater than $5,000. I never authorized any attorney to agree to such a settlement on my behalf, nor did I consent to any agreement that would obligate me or Domestic Supply Inc. to pay Plaintiff $45,000.

4. The mediation on October 2, 2024, was conducted remotely. I attended via video, and I was not physically present with my then-counsel. We had minimal opportunity to prepare, I was never served with process and did not review the pleadings, or meaningfully discuss the case prior to the session. The mediation date was changed at the last minute, further limiting our ability to prepare.

1

5. During the mediation, the I discussed only one figure $5,000. That amount related to a specific dispute from 2023, when Domestic Supply Inc. withheld $5,230 from payments allegedly owed to Plaintiff's company, Denis US LLC. The deduction was due to property damage Plaintiff caused while servicing a client. Domestic Supply paid for the repairs and withheld the cost from an invoice issued by Denis US LLC.

6. Plaintiff previously attempted to recover the same amount in a New York Small Claims Court action, Index No. SC-002976-23/KI, under Fakhurtdinov v. Domestic Supply Inc. That action was dismissed on March 7, 2024. (A true and correct copy of the small claims dismissal and corresponding emails is attached as Exhibit A.)

7. During the mediation, I was informed—over the phone and through counsel—that any settlement amount beyond $5,000 would be covered by co-defendant ITG Communications. I never agreed that Domestic Supply Inc. would be responsible for paying more than $5,000, let alone the entire alleged settlement sum of $45,000. I would not have accepted such terms under any circumstances.

8. Even agreeing to the $5,000 was difficult for me because I firmly believe that Plaintiff is not entitled to any recovery. He previously filed and lost on this exact claim. The notion that I would voluntarily agree to pay almost than nine times that amount is not credible.

9. At no point did I receive or sign a written settlement agreement. No finalized or executed agreement was ever presented to me or Domestic Supply Inc. It was my understanding throughout that the mediation was a non-binding negotiation and that any agreement would require my express review and written approval.

10. After the mediation, a series of emails were exchanged between attorneys. These emails were not authorized by me and do not reflect any agreement I approved. Any statements or representations made by my former counsel were made without my review or consent.

2

11. Plaintiff's attempt to enforce this alleged agreement appears to be a strategic effort to bypass the adversarial process, avoid discovery, and apply improper pressure by involving ITG Communications—an entity that is likewise not liable under Plaintiff's theory of the case.

12. Plaintiff and I have a long and contentious business history. He operated exclusively through Denis US LLC, a company he owned and controlled. All payments were made to Denis US LLC. At no point did we have an employer-employee relationship. Instead, we operated as independent business entities fulfilling service contracts for ITG. (a true and correct copy of the contractor agreement with Denis US LLC is attached as Exhibit B)

13. When we began working with Plaintiff, he provided a Social Security Number to enable a background check but specifically instructed that all payments be made to Denis US LLC. It was later brought to our attention that Mr. Fakhurtdinov may not have had valid authorization to work in the United States. We respectfully request that the Court consider this information in assessing the nature of the relationship and the credibility of Plaintiff's claims. To the extent relevant and appropriate, we further request that the Court authorize limited discovery into Plaintiff's work authorization status, including potential verification with the Social Security Administration or other appropriate federal agencies. These facts further support that our dealings were strictly with his corporate entity.

14. Attached as Exhibit B is a true and correct copy of the agreement between Domestic Supply Inc. and Denis US LLC, and the entity status of Denis US LLC confirming our independent contractor relationship. All payments were made to Denis US LLC. Although we worked jointly on some projects, at no time did an employer-employee relationship exist.

15. Plaintiff has previously filed and lost multiple actions related to this same dispute:

    a. Small Claims Action (New York): Plaintiff filed a claim seeking $10,000, which was dismissed. (a true and correct copy of the decision is attached as Exhibit A.)

    b. Connecticut Workers' Compensation Claim: Plaintiff filed a claim asserting an employment relationship with Domestic Supply Inc. That matter was resolved through a settlement agreement under which Domestic Supply paid only $1.00 and expressly denied any employment relationship. (a true and correct copy of the stipulation and final settlement is attached as Exhibit C.)

16. In addition to extensive text messages and invoices confirming that our relationship was business-to-business, there are multiple third-party witnesses—including individuals who worked on joint projects—who can testify to the nature of the relationship between Domestic Supply Inc. and Denis US LLC. Their testimony would further support that no employment relationship existed and that Plaintiff's claims are fabricated and grossly exaggerated.

17. Based on my knowledge and records, ITG Communications was not directly involved in any of the payment disputes alleged by Plaintiff. Domestic Supply Inc. contracted with Denis US LLC, Plaintiff's company, and there was no direct contractual relationship between Plaintiff and ITG. Accordingly, I respectfully request that ITG Communications be dismissed from this action, as it is not a proper party to the dispute and has been drawn into litigation unnecessarily.

18. Based on the foregoing, I respectfully ask the Court to (i) Deny Plaintiff's motion to enforce the alleged settlement; (ii) permit the filing of an Answer and asserting affirmative defenses; (iii) permit dispositive motion practice; (iii) Dismiss claims against me individually due to lack of service; (iv) Permit impleader of Denis US LLC as a necessary party; and (v) for grant such further relief that the court deems proper.

Executed on June 26, 2025.



**DANIL BARANNIKOV**
individually and on behalf of
**DOMESTIC SUPPLY, INC.**

# Supplemental Declaration Barannikov [for signature]
Final Audit Report 2025-06-26

| | |
|---|---|
| Created: | 2025-06-26 |
| By: | Denis Vorontsov (dv@vlf.law) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAABZ1aDcEJr0DDk4A0b3SlB7QQkCCktcix |

## "Supplemental Declaration Barannikov [for signature]" History

- Document created by Denis Vorontsov (dv@vlf.law)
  2025-06-26 - 11:34:56 PM GMT- IP address: 68.198.19.166

- Document emailed to DANIL BARANNIKOV individually and on behalf of DOMESTIC SUPPLY, INC. (19175151585d@gmail.com) for signature
  2025-06-26 - 11:34:59 PM GMT

- Email viewed by DANIL BARANNIKOV individually and on behalf of DOMESTIC SUPPLY, INC. (19175151585d@gmail.com)
  2025-06-26 - 11:35:07 PM GMT- IP address: 74.125.210.164

- Document e-signed by DANIL BARANNIKOV individually and on behalf of DOMESTIC SUPPLY, INC. (19175151585d@gmail.com)
  Signature Date: 2025-06-26 - 11:40:43 PM GMT - Time Source: server- IP address: 166.196.103.19

- Agreement completed.
  2025-06-26 - 11:40:43 PM GMT

Adobe Acrobat Sign