**Vorontsov Law Firm, PLLC.**

**Vorontsov Law Firm, PLLC.**
1599 East 15th Street, 4th Floor,
Brooklyn, NY 11230
T. 212.295.5838  F. 212.295.5839   E. dv@vlf.law

Denis Vorontsov, Esq.
Admitted Attorney in NY, NJ, E.D.N.Y & S.D.N.Y.

June 26, 2025

<u>VIA ECF</u>
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Fakhurtdinov v. ITG Communications, LLC, et al. Case No. 1:24-cv-01696 (DG)(PK)**

Dear Judge Kuo:

This firm represents Defendants Danil Barannikov and Domestic Supply Inc. (the "Barannikov Defendants") in the above-referenced action. Pursuant to the Court's June 12, 2025 Order, we respectfully submit this letter and supplemental declaration addressing whether the parties reached an agreement during the October 2, 2024, mediation session—and, in particular, whether Domestic Supply agreed to pay the full $45,000 settlement amount.

As set forth in Mr. Barannikov's sworn supplemental declaration, he unequivocally denies agreeing to or authorizing any such settlement. No agreement was reached as to either the final amount or the responsible party. Rather, Mr. Barannikov stated that Domestic Supply was willing to contribute $5,000 towards resolving a business dispute involving Plaintiff's company, Denis US LLC. Mr. Barannikov understood that any additional amount would be the responsibility of co-Defendant ITG Communications, should it choose to settle.

By way of background, this dispute arises from a failed business relationship—not an employment relationship. Plaintiff operated through Denis US LLC as an independent contractor, as confirmed by the documents annexed to Barannikov's supplemental declaration. The record further reflects a pattern of duplicative and unsuccessful litigation by Plaintiff in other forums, including small claims court and an administrative tribunal—each dismissed or resolved without liability.

We respectfully note that references to the mediation session are made solely in accordance with the Court's directive. The Barannikov Defendants do not waive any protections under Local Civil Rule 83.8 or Federal Rule of Evidence 408. Undersigned counsel—who appeared only on December 12, 2024 (ECF Nos. 24, 25)—did not participate in the mediation and has not contacted

**Vorontsov Law Firm, PLLC.**

the mediator, out of an abundance of caution and respect for the confidentiality. We respectfully ask the Court to rely on the sworn declarations and contemporaneous email between counsel, which demonstrate that no meeting of the minds occurred on material terms.

Plaintiff also failed to comply with the Court's November 8, 2024 Order, which directed him to contact the mediator to resolve any remaining issues and, if unsuccessful, to seek reinstatement of the discovery schedule. Instead, Plaintiff filed a procedurally improper motion to enforce disputed and incomplete settlement terms. In doing so, Plaintiff seeks to impose obligations without mutual assent on core elements such as the payor's identity and the total settlement amount—denying the Barannikov Defendants meaningful participation and due process.

Additionally, we respectfully submit that this Court has not yet acquired personal jurisdiction over either Mr. Barannikov or Domestic Supply Inc., as proper service under Fed. R. Civ. P. 4 has not been effected. The Affidavit of Non-Service filed on April 9, 2024 (ECF No. 12) reflects that service on Mr. Barannikov was attempted at an incorrect and non-existent address and was unsuccessful. To date, no valid affidavit of service has been filed for Domestic Supply Inc. (see Vorontsov Decl. ¶ 4, ECF No. 27-2). Importantly, as set forth in that declaration, the Barannikov Defendants expressly instructed prior counsel to file an Answer and assert affirmative defenses. They never intended to default and continue to deny the allegations in both the Complaint and the Crossclaims. Their lack of response was not a waiver but a result of prior counsel's inaction. Accordingly, the Barannikov Defendants expressly preserve and do not waive any defenses under Fed. R. Civ. P. 12(b)(2) and (5).

For these reasons, we respectfully request that the Court deny Plaintiff's motion to enforce the alleged settlement. We also request leave to file an Answer, assert its affirmative defenses, implead Denis US LLC, assert counterclaims for tortious interference and related damages, and for such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ Denis Vorontsov, Esq.
*Counsel for Defendants Danila Barannikov and Domestic Supply Inc.*