**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

Denis Fakhurtdinov, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                    *Plaintiff,*

         - *against* -

ITG Communications, LLC, Domestic Supply Inc., and Danila Barannikov,

                    *Defendants.*

---------------------------------------------------------------X

Case No.: 24-cv-01696

 

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS' OBJECTION TO THE AUGUST 29, 2025**
**REPORT AND RECCOMENDATION AND**
**IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SANCTIONS**

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
420 Lexington Avenue, Suite 2458
New York, NY 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

Dated: New York, New York
      September 26, 2025

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 2

LEGAL STANDARD .......................................................................................... 3

ARGUMENT ........................................................................................................ 4

   I.   Only "Clear Error" Review of the R&R is Warranted ...................................... 4

   II.   Domestic Supply's Objection Improperly Raises Previously Unmentioned, Irrelevant Issue of Service of Process .............................................................. 5

   A.  The Alleged Issue of Improper Service Was Never Properly Raised ................... 5

   B.  Magistrate Judge Kuo Addressed this Argument in the R&R ........................... 6

   C.  Domestic Supply Was Properly Served ......................................................... 7

      a.   Service was Accomplished Under Fed.R.Civ.P. 5(b)(2)(E) and 5(b)(3) ............... 8

      b.   Assuming, *Arguendo,* Service was Technically Improper, This Court May Deem Service Timely ................................................................................ 9

   III.  The R&R Carefully Addressed the Third *Winston* Factor .................................. 9

   IV.  The R&R Carefully Addressed The First *Winston* Factor ................................. 10

   V.   The R&R Carefully Addressed the Fourth *Winston* Factor ............................... 11

   VI.  The R&R Carefully Addressed the Issue of Attorney Zuck's Authority and ITG's Tender .................................................................................................. 11

   VII.  The Alleged Issue of Domestic Supply's Meritorious Defenses Was Never Properly Raised ............................................................................................... 11

   VIII. Sanctions are Appropriate Under 28 U.S.C. § 1927 and the Court's Inherent Authority . 12

CONCLUSION .................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Agnone v. Zoi Foods Corp.*,
2025 WL 964147 (E.D.N.Y. 2025)...................................................................... 8

*Cantore v. City of New York*,
2018 WL 10435166 (S.D.N.Y. 2018)................................................................. 7

*Chen Lin v. Dolar Shopt Restaurant Grp., LLC*,
2021 WL 681075 (E.D.N.Y. 2021)...................................................................... 8

*Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*,
2016 WL 2944685 (S.D.N.Y. 2016).................................................................. 12

*Eisemann v. Greene*,
204 F.3d 393 (2d Cir. 2000)............................................................................... 11

*Ferreira v. Carranza*,
2022 WL 34610 (E.D.N.Y. 2022)......................................................................... 2

*Fossil Grp. Inc. v. Angel Seller, LLC*,
2021 WL 4520030 (E.D.N.Y. 2021)............................................................ 2, 3, 6, 11

*Galloway v. Cty. of Nassau*,
2022 WL 681065 (E.D.N.Y. 2022)...................................................................... 3

*Gonzalez v. Victoria G's Pizzeria LLC*,
2022 WL 842666 (E.D.N.Y. 2022)...................................................................... 3

*Hernandez v. Lira of New York Inc.*,
2023 WL 2647639 (S.D.N.Y. 2023)................................................................... 8

*Innovative Sports Mgmt. v. Zarate*,
2021 WL 3855593 (E.D.N.Y. 2021)................................................................... 3

*JMC Rest. Holding, LLC v. Pevida*,
2016 WL 3351007 (E.D.N.Y. 2016).................................................................. 11

*Johnson v. Parts Auth., LLC*,
2021 WL 4221775 (E.D.N.Y. 2021)................................................................... 3

*Pacheco v. Chickpea at 14th St. Inc.*,
2019 WL 3554460 (S.D.N.Y. 2019).................................................................. 12

*Ramon v. Corp. City of New York,*
  2019 WL 1306061 (E.D.N.Y. 2019).................................................... 2

*Rowley v. City of New York,*
  2005 WL 2429514 (S.D.N.Y. 2005).................................................... 5

*Schlaifer Nance & Co., Inc. v. Estate of Warhol,*
  194 F3d 323 (2d Cir 1999)............................................................ 11

*Sec. and Exch. Commn. v. Credit Bancorp, Ltd.,*
  2011 WL 13175948 (S.D.N.Y. 2011)................................................... 7

*United States v. Gladden,*
  394 F. Supp. 3d 465 (S.D.N.Y. 2019)............................................. 4, 10

*Zaretsky v. Maxi-Aids, Inc.,*
  2012 WL 2345181 (E.D.N.Y. 2012).................................................... 3

## <u>Statutes</u>

28 U.S.C. § 636(b)(1)(C) ................................................................. 2

Fed.R.Civ.P. 72(b)(3)...................................................................... 2

Plaintiff Denis Fakhurtdinov ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Memorandum of Law, together with the declaration of Jason Mizrahi (the "Mizrahi Decl."), and the exhibits annexed thereto, in opposition to the objection (the "Objection") to the August 28, 2025 Report and Recommendation [Dckt. No. 43] (the "R&R"), filed by Domestic Supply Domestic Supply Inc., and Danila Barannikov (together, "Domestic Supply") , and in support of Plaintiff's cross-motion for an award of attorneys' fees, costs, and sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority (the "Cross-Motion for Sanctions"), and as grounds thereto respectfully states as follows:

## PRELIMINARY STATEMENT

Domestic Supply's Objection to Honorable Magistrate Judge Peggy Kuo's well-reasoned sixteen (16) page R&R is demonstrative of Domestic Supply's bad-faith and vexatious conduct throughout this litigation. Magistrate Judge Kuo correctly noted that on or around December 5, 2024, Domestic Supply's principal – Danila Barannikov – admitted to co-Defendant ITG Communications, LLC ("ITG"), that:

> "he was trying to avoid the prior settlement agreement because he was afraid that other Domestic Supply technicians would bring a similar claim against him because of his agreement to pay Plaintiff monetary compensation in this action."

[R&R at pp. 7, 11]. Now, after stalling this case for months, Domestic Supply has filed an improper objection to this Court's R&R, that is devoid of any legal or factual basis. Domestic Supply's Objection, much like its conduct throughout the litigation, is frivolous. It defiantly ignores well-settled rules of Federal Procedure regarding the filing of "proper" objections to a magistrate judge's findings or recommendations.  Domestic Supply's meritless Objection has further delayed the instant proceeding, and needlessly ratcheted-up Plaintiff's costs and attorneys' fees.

Accordingly, for the reasons set more fully below, the Court should respectfully overrule the Objection, affirm the R&R in all respects, and sanction Domestic Supply, and their counsel, jointly and severally pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

## LEGAL STANDARD

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3) (emphasis added). A proper objection requires reference to a specific portion of the magistrate judge's recommendation; if a party makes only conclusory or general objections *or simply reiterates his original arguments*," a district court need only satisfy itself that there is no clear error on the face of the record. *Gutman v. Klein,* 2008 WL 5084182 (E.D.N.Y. 2008) (emphasis added).

*De novo* review of a Report and Recommendation is applicable solely and exclusively to those portions of the Report and Recommendation that are properly objected to – *i.e.*, only to those portions of the subject Report and Recommendation referenced and opposed with appropriate specificity in the submission setting forth the objection *Ramon v. Corp. City of New York*, 2019 WL 1306061, at *1 (E.D.N.Y. 2019) (citations omitted). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review…" *Fossil Grp. Inc. v. Angel Seller, LLC*, 2021 WL 4520030, at *2 (E.D.N.Y. 2021) (citations omitted). Likewise, objections are improper and do not invoke *de novo* review to the extent that they include "new arguments…that could have been raised before the magistrate but were not." *Ferreira v. Carranza*, 2022 WL 34610, at *2 (E.D.N.Y. 2022).

For a district court to exercise *de novo* review over objections that fail to specifically

indicate the portion of the Report and Recommendation to which they are directed, or objections asserting new arguments raised for the first time at the objection stage "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Johnson v. Parts Auth., LLC*, 2021 WL 4221775, at *1 (E.D.N.Y. 2021). Where, as here, no "proper" objection to a Report and Recommendation (or to a portion thereof) is timely submitted, the Court "need only satisfy itself that that there is no clear error on the face of the record." *Innovative Sports Mgmt. v. Zarate*, 2021 WL 3855593, at *1 (E.D.N.Y. 2021) (citations omitted). Moreover, where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, 2012 WL 2345181, at *1 (E.D.N.Y. 2012) (internal quotation marks omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *Gonzalez v. Victoria G's Pizzeria LLC*, 2022 WL 842666, at *2 (E.D.N.Y. 2022)  (citations omitted). A magistrate's ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Galloway v. Cty. of Nassau*, 2022 WL 681065, at *3 (E.D.N.Y. 2022) (citations omitted).

## **ARGUMENT**

### I.    **Only "Clear Error" Review of the R&R is Warranted**

The Objection does not include any specific or non-conclusory explanation of why it is that Domestic Supply believes any particular portion of the R&R is contrary to law or otherwise erroneous. The Objection barely refers to the R&R, and certainly does not refer to any "specific portion" of it. *Gutman*, 2008 WL 5084182, at *1. Domestic Supply rehashes – verbatim – the same arguments that Magistrate Judge Kuo rejected. This is patently improper. *See Fossil Grp. Inc.*, 2021 WL 4520030 at *2. Absent from the Opposition is any discussion of how, or to what extent, the R&R allegedly wrongly decided the so-called facts and arguments presented. This is mere

verbiage without specifics, and, as such, is no basis for *de novo* review over any section of the R&R.

Even if construed charitably, the Opposition plainly fails to specifically reference any portion of the R&R, and therefore may not be considered a proper objection to any portion thereof. The level of specificity is clearly below that required, as it is unclear what, if any, legal authority Domestic Supply is challenging or relying on. Domestic Supply's submission does not provide any explanation whatsoever of why it is that the R&R's findings were unsatisfactory. In doing so, the Objection ignores well-settled rules of Fed.R.Civ.P. regarding the filing of "proper" objections to a magistrate judge's findings or recommendations.  The Objection revisits arguments rejected by the R&R, but makes no attempt to specifically explain why Domestic Supply believes that the R&R's disposition of these arguments was flawed or erroneous. Clear error review, rather than *de novo* reconsideration of the R&R by this Court, is appropriate. Because there is no clear error here, the Objections must be overruled, and the R&R should be adopted.

## II.    Domestic Supply's Objection Improperly Raises Previously Unmentioned, Irrelevant Issue of Service of Process

Domestic Supply's position that the R&R improperly overlooked issues of alleged improper service is inappropriate and misplaced for three (3) separate reasons. First, this argument was never properly asserted in Domestic Supply's opposition to the Motion to Enforce. Second, notwithstanding this threshold issue, Judge Kuo directly addressed this argument in the R&R. Third, this argument is a red herring – as Domestic Supply was undoubtedly served.

### A.  The Alleged Issue of Improper Service Was Never Properly Raised

It is axiomatic that "a district judge will not consider new arguments raised in objections to a magistrate judge's [R&R] that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). Here, the issue of improper

service was never mentioned in Domestic Supply's January 10, 2025 opposition to the Motion to Enforce, authorized by Domestic Supply's latest counsel, Denis Vorontsov, Esq. ("Attorney Vorontsov"). [*See* Dckt. No. 27]. The irony here is striking, considering that Domestic Supply is principally relying on their prior counsel's feigned incompetence. The Objection's citations to: (i) the June 26, 2025 Supplemental Declaration of Danil Barannikov[1] [Dckt. No. 34]; and (ii) Attorney Vorontsov's June 26, 2025 letter [Dckt. No. 34-4], are also misplaced. Pursuant to the Court's June 12, 2025 Order, the Court permitted the parties to file supplemental briefing, on the narrow issue of:

> "whether at the mediation – not afterwards – the parties agreed (or "suggest[ed] that [they] had the intention of agreeing") to Domestic Supply paying the full settlement amount and that ITG not pay anything. The parties shall consult with the mediator, if necessary, to reconstruct what was and was not agreed upon at the mediation."

[*See* 06/12/2025 Order]. Thus, the conclusory arguments in the June 26, 2025 supplemental declaration and letter as to service of process were not only raised for the first time in Domestic Supply's reply – but they were also raised in violation of the Court's clear June 12, 2025 Order. *Rowley v. City of New York*, 2005 WL 2429514, at *5 (S.D.N.Y. 2005) (stating that "[a]rguments may not be made for the first time in a reply brief").

### B. Magistrate Judge Kuo Addressed this Argument in the R&R

Notwithstanding the fact that Domestic Supply failed to raise the alleged issue of service in their January 10, 2025 opposition to the Motion to Enforce [*see* Dckt. No. 27], the Court addressed this argument in issuing the R&R. After carefully analyzing the four (4) *Winston* Factors, and concluding that the parties had indeed entered into a binding settlement, the Court concluded that:

---

[1] It is undisputed that "Danil Barranikov" is the individual defendant sued herein as "Danila Barrannkov". [*See* Dckt. No. 34 at ¶ 1 ("I am a named individual defendant in this action…").

"[e]nforcement of the settlement effectively ends the litigation, except for the requirement that the parties must file a motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), thus foreclosing the relief Mr. Barannikov seeks in his Supplemental Declaration, including (1) permission to file an Answer and assert affirmative defenses, (2) permission to engage in dispositive motion practice, (3) ***dismissal of all claims against him for lack of service***, and (4) permission to implead Denis US LLC as a necessary party."

[*See* R&R at p. 15, fn. 3]. As set forth in § I, *supra*, Domestic Supply is rehashing – verbatim – the same arguments that Magistrate Judge Kuo rejected. This is patently improper. *See Fossil Grp. Inc.*, 2021 WL 4520030 at *2.

## C. Domestic Supply Was Properly Served

Notwithstanding the fact that: (i) Domestic Supply failed to properly raise the argument in their January 10, 2025 opposition; and (ii) Magistrate Judge Kuo addressed this issue in the R&R, the Court should disregard this argument as a red herring. As set forth more fully below, it is unquestionable that Domestic Supply was properly served with the Summons and Complaint, and possessed actual and constructive knowledge of the instant lawsuit.

Domestic Supply appeared in this action, through counsel Steven Zuck ("Attorney Zuck"), on June 25, 2024. [Dckt. No. 19]. Attorney Zuck's notice of appearance stated that:

"I am admitted to practice in this court, registered for electronic filing with the Eastern District of New York, and ***request that copies of all papers in this action be served upon the undersigned at the address set forth below.***"

[*Id*.] (emphasis added). The email address listed on Attorney Zuck's notice of appearance was szuck@zucklegal.com. The undersigned emailed Attorney Zuck a copy of the Summons and Compliant on July 10, 2024 and September 13, 2024. *See* Mizrahi Decl. at ¶¶ 3-4 [Exs. A, B]. Since appearing in this action on June 25, 2024, Attorney Zuck: (i) attended an initial case conference on June 26, 2024; (ii) participated in a pre-mediation phone conference on September 18, 2024; (iii) prepared a pre-mediation statement, pursuant to Local Civil Rule ("LCR") 83.8 (b)(5); (iv) attended a virtual mediation on October 2, 2024; and (v) met-and-conferred with

counsel for Plaintiff, and Co-Defendant ITG multiple times over email, and over the phone. Thus, Domestic Supply meaningfully participated in this action, through counsel, after appearing in this action on June 25, 2024, and being served with a copy of the Summons & Complaint on July 10, 2024 and September 13, 2024.

### a. Service was Accomplished Under Fed.R.Civ.P. 5(b)(2)(E) and 5(b)(3)

Fed.R.Civ.P. 5(b)(2)(E) states that an acceptable method of service is "sending [the document] by electronic means if the person consented in writing – in which event service is complete upon transmission[.]" *Cantore v. City of New York*, 2018 WL 10435166, at *2 (S.D.N.Y. 2018), *aff'd*, 764 Fed. Appx. 110 (2d Cir. 2019). Rule 5(b)(3) provides that "[i]f a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." *Id.* (citing Fed.R.Civ.P. 5(b)(3)); *see also Sec. and Exch. Commn. v. Credit Bancorp, Ltd*., 2011 WL 13175948, at *4 (S.D.N.Y. 2011) (authorizing service of pleadings on counsel, under Fed.R.Civ.P. 5(b)(1)). As set forth in § I(C), *supra,* Attorney Zuck expressly consented to accepting service of "all papers in this action", via email, when he filed his notice of appearance on June 25, 2024. [*See* Dckt. No. 19]. The notice of electronic filing receipts for this case indicate that emails were sent to the email address Attorney Zuck provided to the Court (*i.e.,* szuck@zucklegal.com). This is the same email address Attorney Zuck used to communicate with Plaintiff, co-Defendant ITG, and the mediator, throughout the litigation. The ECF notification system, and Attorney Zuck's email service, had functioned without issue for all previous docket entries, and functioned without issue when Plaintiff emailed the Summons and Complaint on July 10, 2024 and September 13, 2024.

### b. Assuming, *Arguendo,* Service was Technically Improper, This Court May Deem Service Timely

Assuming, *arguendo*, service under Fed.R.Civ.P. 5(b)(2)(E) and (5)(b)(3) was improper (it was not) this Court may "in its discretion, extend a service deadline [under Fed.R.Civ.P. 4(m)] *nunc pro tunc*." *Agnone v. Zoi Foods Corp*., 2025 WL 964147, at *5 (E.D.N.Y. 2025). In doing so, the Court may extend the time by which service shall be deemed "timely made" to the date that service was effectuated where, like here, a showing of good cause has been made and a defendant has already been served. *Id.* ; *see also Hernandez v. Lira of New York Inc*., 2023 WL 2647639, at *3 (S.D.N.Y. 2023) (extending the deadline for service *nunc pro tunc*, after good cause being shown, to April 9, 2022 thereby making the service upon defendant on April 9, 2022 timely); *Chen Lin v. Dolar Shopt Restaurant Grp., LLC*, 2021 WL 681075, at *4 (E.D.N.Y. 2021) ("I exercise my discretion to extend the time to serve [defendants], *nunc pro tunc*, to December 6, 2019 – the date on which service was completed.").

### III.    The R&R Carefully Addressed the Third *Winston* Factor

For the reasons set forth more fully in § I, *supra*, Domestic Supply's argument that the R&R did not resolve whether an argument was reached on all material terms (*i.e.,* the third *Winston* factor), violates 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(3). Even if construed charitably, this argument fails to specifically reference any portion of the R&R, and therefore may not be considered a proper objection to any portion thereof. Domestic Supply tacitly ignores the portions of the R&R that discussed the consensus among the parties on the terms of the agreement reached during the Mediation. [*See* R&R at pp. 10-11]. Notably, Domestic Supply disregards the fact that every participant in the mediation (including three (3) attorneys, Plaintiff, a representative from co-defendant ITG, defendant Danila Barannikov, and Mediator Weinick) agreed that the outcome of the Mediation would require Domestic Supply to pay the settlement amount in full. This

consensus was specifically reflected in sworn statements and emails introduced to the record and formed a central basis for the R&R's conclusions. The Objection also omits any reference to co-defendant ITG's sworn affidavit, recounting Danila Barannikov's admission that he was "trying to avoid the prior settlement agreement." [*See* R&R at p. 7]. By overlooking both the unanimous acknowledgement at mediation and the Domestic Supply's own admissions, the Objection fails to confront the evidence directly undermining its position. Domestic Supply baselessly insists that proper weight was not afforded to Mr. Barranikov's sworn statements that he did not authorize previous counsel to settle for the amount reached. [*See* Objection at p. 18]. However, the R&R reflects that the Court properly considered the entire record before it, giving Domestic Supply's statements the same weight as those of the other participants in the mediation, and appropriately determined that the statements made by Defendant regarding his perceived disagreement with the settlement amount to be without merit. [*See* R&R at pp. 12-14].

## IV.    The R&R Carefully Addressed The First *Winston* Factor

Domestic Supply's argument that the R&R did not resolve whether there has been an express reservation of the right not to be bound in the absence of a writing (*i.e.,* the first *Winston* factor), also violates 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(3). Even if construed charitably, this argument fails to specifically reference any portion of the R&R, and therefore may not be considered a proper objection to any portion thereof. Judge Kuo specifically noted that Domestic Supply failed to cite any authority supporting their assertion that the absence of a signed agreement implies a reservation of the right not to be bound [*see* R&R at p. 8], and further cited authority rejecting that exact argument in this Circuit. [*Id.*]. Yet Domestic Supply's objection neither acknowledged this authority nor cited any relevant case law of their own.

## V.    The R&R Carefully Addressed the Fourth *Winston* Factor

For the reasons set forth more fully in § I, *supra*, Domestic Supply's argument that the R&R did not resolve the usual form of the agreement (*i.e.*, the fourth *Winston* factor), violates 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(3). The R&R succinctly determined that the straightforward agreement at-issue here does not approach the length or complexity of those frequently considered to require a writing. [*See* R&R at p. 12] (citing *Xie v. Caruso, Spillane, Leighton, Contrastano, Savino & Mollar, P.C.*, 632 F. Supp. 3d 262, 269 (S.D.N.Y. 2022)). Yet the Objection neither acknowledged this authority nor cited any relevant case law of their own.

## VI.    The R&R Carefully Addressed the Issue of Attorney Zuck's Authority and ITG's Tender

The Objection, once again, tacitly ignores the well-reasoned portions of the R&R that address the issue of Attorney Zuck's authority [R&R at pp. 13-14] and ITG's tender of the defense to Domestic Supply. [*Id.* at p. 10]. Domestic Supply's Objection merely asserts general and conclusory objections to R&R as a whole, then rehashes the same frivolous arguments previously (and correctly) rejected by the R&R. This is patently improper.

## VII.    The Alleged Issue of Domestic Supply's Meritorious Defenses Was Never Properly Raised

As set forth previously in § II(A), *supra*, "it is axiomatic that "a district judge will not consider new arguments raised in objections to a magistrate judge's [R&R] that could have been raised before the magistrate but were not." *Gladden*, 394 F. Supp. 3d at 480. Here, the issue of Domestic Supply's meritorious defenses was never mentioned in Domestic Supply's January 10, 2025 opposition to the Motion to Enforce, authorized by Attorney Vorontsov. [*See* Dckt. No. 27]. The Objection's citations to "[Domestic Supply's] supplemental letter" [Dckt. Nos. 34-1, 34-2, 34-3, 34-4] are misplaced for the same reasons set forth in § II(A), *supra*. Notwithstanding this critical fact, the R&R correctly noted that:

> "[e]nforcement of the settlement effectively ends the litigation,…thus foreclosing the relief Mr. Barannikov seeks in his Supplemental Declaration, including (1) permission to file an Answer and ***assert affirmative defenses***…"

[*See* R&R at p. 15, fn. 3]. As set forth in § I, *supra*, Domestic Supply is rehashing – verbatim – the same arguments that Magistrate Judge Kuo rejected. This is patently improper. *See Fossil Grp. Inc.*, 2021 WL 4520030 at *2.

## VIII.   Sanctions are Appropriate Under 28 U.S.C. § 1927 and the Court's Inherent Authority

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similarly, under the Court's inherent authority to control the proceedings that take place before it, any federal court "may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *JMC Rest. Holding, LLC*, 2016 WL 3351007 at *6 (internal quotations and citations omitted). The Second Circuit has held that "[t]o impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal quotation marks and citations omitted). A claim is colorable when it reasonably might be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis. *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999). "Bad faith can be inferred when the actions taken are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Id.* (quotations omitted). In the context of filing an improper objection to a R&R, bad faith can be inferred where a movant "basically just rehash[es]" the same arguments initially rejected, in violation of Rule 72.

*Pacheco v. Chickpea at 14th St. Inc.*, 2019 WL 3554460, at *1 (S.D.N.Y. 2019) (sanctioning defendants' counsel, and defendants, $2,385.15, jointly and severally for baselessly objecting to R&R in violation of Rule 72).

The R&R addressed Domestic Supply's bad faith conduct, noting that Danila Barannikov's admissions that he was "trying to avoid the prior settlement agreement." [*See* R&R at p. 7]. The R&R also notes how Domestic Supply needlessly compounded the proceedings by ignoring emails concerning the long-form settlement, rather than raising any objections or attempting to renegotiate. [*Id.* at p. 6]. In issuing the R&R, Magistrate Judge Kuo noted the frivolous nature of Domestic Supply's arguments concerning Attorney Zuck's authority to bind Domestic Supply. [*Id.* at pp. 13-14] ("The Domestic Supply Defendants fail to offer clear evidence that Attorney Zuck lacked authority to settle…").

In raising the same frivolous and improper arguments in their Objection, Domestic Supply has continued to delay and obfuscate the proceedings. As set forth in §§ II(B) – VII, the R&R addressed each of the arguments raised in the Objection – even those that were not properly before the Court. Domestic Supply should be sanctioned for rehashing unsuccessful arguments in violation of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), especially where – as here – they have engaged in a broader pattern of delay and vexatious conduct. It is respectfully submitted that the Court should following the holding in *Pacheco*, in sanctioning Domestic Supply and their counsel, jointly and severally, for violating the Rule 72 standard of review. *See also Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, 2016 WL 2944685, at *3 (S.D.N.Y. 2016) (awarding sanctions under § 1927 for bad faith filings).

## <u>CONCLUSION</u>

For the reasons stated above, it is respectfully submitted that the Court overrule Domestic Supply's Objection, affirm the R&R in all respects, and impose sanctions against Domestic Supply, and their counsel, jointly and severally, for their overreaching in filing a clearly frivolous Objection.

Dated:  New York, New York
        September 26, 2025

                                  LEVIN EPSTEIN & ASSOCIATES, P.C.

                                  */s Jason Mizrahi*
                                  Jason Mizrahi, Esq.
                                  420 Lexington Avenue, Suite 2458
                                  New York, NY 10170
                                  Tel No.: (212) 792-0048
                                  Email: Jason@levinepstein.com
                                  *Attorneys for Plaintiff*

14